### Case No. 7,443.

Ex parte JONES.

[4 Cranch, C. C. 185.] 1

Circuit Court, District of Columbia. Oct. 21, 1831.

---

1 [Reported by Hon. William Cranch, Chief Judge.]

BY THE COURT. This cause originated in a petition by [J. A. Jones] the executor of Edward Jones to the orphans' court, for leave to settle a second account, and to be allowed a credit for the loss upon certain stock sold for $75.96 less than its appraised value. The judge of the orphans' court being of opinion that the executor was not entitled to an allowance for such loss, the stock having been sold without an order from that court, refused to permit him to settle a second account and to allow him credit for the loss. The petition was accompanied by an affidavit of the executor, verifying the account of sales by Thomas Biddle & Co., and averring that the sales were fair and bonâ fide, and at the full market price, and that he believes that no more could have been got for the stock; and by an affidavit of W. S. Nicholls, a respectable broker in this district, that the sales were at the then market price at Philadelphia, and that the Philadelphia market was as good a market for the sale of stock as any other in the United States; and that Thomas Biddle & Co., the brokers who sold the stock, are brokers of the highest repute for integrity and fairness in their dealing; and that, in his opinion, no better evidence of the true market price of stock could be given, than their bills. It does not appear that there were any debts or claims against the testator outstanding and unpaid at the time of the sale, or any other cause which required an application to the judge for an order to sell. As between the executor and his vendee, the sale was valid without such an order; and it does not appear that any person interested has objected to the sale. If it was a fair and bonâ fide sale for the purpose of settling the estate, and if, in fact, the stock was sold for its full market value, although less than the appraised value, there has been an actual "decrease" of the estate when compared with the appraisement: or, in other words, a loss by decrease, which, under the express provision of the testamentary act of 1793 (chapter 8, § 2), is not to be sustained by the executor; and the same section provides that "he may be allowed for such decrease, on the settlement of his final or other account." The law having expressly declared that the loss shall not be sustained by the executor, and that he may be allowed for it in his account, it seems to follow, that if such loss has happened, the judge ought to have allowed it, and to have opened the account for that purpose, or permitted the executor to settle a second account, if the loss was ascertained after the settlement of the first account. Then the only remaining question is, whether there was an actual decrease in the value of the stock when compared with the appraised value. Upon

this question the affidavit of Mr. Nicholls, which does not appear to have been objected to by the judge on the ground of informality, or incredibility, ought, in our opinion, to have been satisfactory. It appears to us, that the judge erred in supposing that there could be, upon a sale, no loss, or no satisfactory evidence of loss, by decrees, unless the sale were made under an order of the orphans' court. The only effect of the want of such an order of sale, in a case like the present, we think, is to throw the burden of proof upon the executor, to satisfy the court that the thing was sold for its full market value.

It is, therefore, ordered and decreed by this court, on this 21st day of October, 1831, that the order of the orphans' court, in this cause, "that the said executor be not allowed to settle a second account, and credited for the said loss as prayed, and that the petition be dismissed with costs," be, and the same is hereby, reversed. And it is hereby further ordered and decreed, that the said petition be sustained; and that the said orphans' court permit the said executor to settle a second account, and allow him therein a credit for the sum of $75.96 for the loss upon the sale of the stock in the petition mentioned. And it is further ordered, that this decision and decree be certified under the seal of this court, by the clerk thereof, and transmitted to the said orphans' court of Washington county.